IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                    Civ. No. 16-832 MV/KBM

ACOMA CEREMONIAL SHIELD,
MORE PARTICULARLY DESCRIBED AS:
LOT #68 "BOUCLIER DE GUERRE
PUEBLO PROBABLEMENET ACOMA OU JEMEZ XIX
SIECLE OU PLUS ANCIEN CUIR."

    *Defendant-in-rem,* and

JEROLD COLLINGS

    Claimant.

## CLAIMANT JEROLD COLLINGS' VERIFIED CLAIM AND STATEMENT OF INTEREST IN AND OWNERSHIP OF PROPERTY

    1.    Pursuant to Rule G(5)(a) of Title XIII, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, Claimant, Jerold Collings ("Claimant"), by and through his counsel, Rhodes & Salmon, P.C., Mark M. Rhodes, hereby files this verified claim and asserts his interest in, right to and ownership of the Defendant *in rem* ("Defendant Property") in this action.

    2.    Claimant has a claim to, interest in, and right to the Defendant Property which is the subject of the "Verified Complaint for Forfeiture *In Rem*" filed in this action under Title 16, United States Code, Section 470 and Title 18 United States Code, Section 981, on July 20, 2016 ("Forfeiture Complaint"). The Defendant Property is described in the Forfeiture Complaint as:

1

Case 1:16-cv-00832-MV-JFR   Document 20   Filed 01/24/19   Page 2 of 4

"Acoma Ceremonial Shield, More Particularly Described as: *Lot #68 "Bouclier De Guerre, Pueblo Probablement Acoma ou Jemez, XIX Siecle ou Plus Acien Cuir."*

3.     Claimant inherited the Shield from his mother who died in 1984. Before the death of his mother, claimant had helped pack a few boxes of family owned items from mother's home and agreed to store them. These boxes remained in storage and unopened for nearly 30 years. The shield was unpacked from one of these boxes in or about the year 2012. Claimant was born in 1943, and has personal knowledge that his mother owned the Shield since before 1979. Claimant has owned, possessed, cared for, stored and preserved the Defendant Property since his mother's death.

4.     Claimant has never had any actual notice, nor any reason to believe or suspect, that before he acquired ownership and possession of the Defendant Property it was the subject of a theft, as alleged in the Forfeiture Complaint. Claimant's mother never referenced to Claimant any theft or knowledge of any theft as alleged in the Forfeiture Complaint.

5.     Claimant is an innocent owner of the Shield as set forth in 18 U.S.C.A. § 983(d). Further, the Shield has been in the possession of Claimant's family since well before the enforcement and effective date of the Archaeological Resources Protection Act (ARPA), and the Shield is not subject to forfeiture by the United States government.

6.     The evidence of any theft of the Shield from the Acoma Pueblo is based entirely upon hearsay and speculation; there is no police report of the theft; there is apparently no report of the theft to any law enforcement agency within the State of New Mexico; there is an entirely hearsay statement that the burglary and theft "was thought to have been" reported to the Acoma tribal sheriff, but apparently there is no report that has been retained by the sheriff or by the Acoma Police Department as the successor to the sheriff. Under any statutory claim advanced

2

by the Government, the only evidence of burglary, theft, or improper taking of the Shield is inadmissible evidence. However, even the inadmissible evidence of the alleged date of the burglary/theft states that the event occurred in the early 1970's, prior to the effective date of the ARPA.

7. As stated in the Museum catalogue, the Shield has been listed as **either** Acoma or Jemez Pueblo as a matter of probability; it is also a possibility that the Shield is not of Indian origin at all.

8. As Claimant is an innocent owner with no knowledge of, nor any reason to suspect, a theft or alleged theft of the Defendant Property at any time prior to his inheritance of it, because he did not participate in any such theft if one occurred, and because he or his family have had possession of the Shield since prior to 1979, Claimant demands the return and restitution of the Defendant Property and the right to defend this action.

Dated: January 16 ** ___, 2019

### DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C.A. § 1746, I declare and verify under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2019.

*/s/ Jerold Collings*
JEROLD COLLINGS

Respectfully submitted (pursuant to
15 U.S.C.A. §7001, and NM.R. USDCT
CIV CM/ECF Proc., § 6(c)),

RHODES & SALMON, P.C.

*/s/ Mark Rhodes*
By: Mark M. Rhodes
1801 Lomas Blvd., NW
Albuquerque, NM 87104

3

P: (505) 247-0328  
F: (505) 766-9402  
Email: mmr@rspcnm.com  
*Attorney for Claimant Jerold Collings*

## CERTIFICATE OF SERVICE

I hereby certify that on the __31st__ day of January 2019 a copy of the foregoing Verified Claim and Statement of Interest In and Ownership of Property was served via first-class mail upon:

Assistant United States Attorney Stephen R. Kotz  
P.O. Box 607  
Albuquerque, NM 87103

_____  
Mark M. Rhodes